TASSO D. PHELON v. P. A. & W. R. R. CO.

POWER OF PROBATE TO GRANT INJUNCTIONS WHEN OTHER JUDGES ARE ABSENT IS CONSTITUTIONAL.

That part of section 5573 of the Rev. Stat. which provides that "the probate judge of the county may grant injunctions in actions pending in either the court of common pleas, or the circuit court of the county, in the absence from the county of the respective judges of such courts," is a valid and constitutional enactment.

Motion to dissolve injunction.

UPSON, C. J.

This is an appeal from an order of the court of common pleas dissolving an injunction allowed by the probate judge in a case then pending in the court of common pleas.

The only ground upon which we are asked to dissolve this injunction is, that the constitution of Ohio does not authorize the legislature to confer upon probate judges the power to allow injunctions in causes pending in courts of common pleas.

In sec. 5573 Rev. Stat. it is provided that, "The probate judge of the county may grant injunctions in actions pending in either the court of common pleas or circuit court of the county, in the absence from the county of the respective judges of such courts, upon its appearing satisfactorily to the court or judge, by affidavit of the plaintiff or his agent, that such plaintiff is entitled thereto."

The language of this provision clearly gave to the probate judge the power to allow the injunction which was allowed in this action, and the only question now to be decided is, whether that provision of the statute is or is not constitutional.

It has been supposed that the legislature could not confer upon probate judges authority to grant injunctions in such cases, for the same reasons which led the supreme court to decide that similar authority could not constitutionally be given to that court or its judges. Kent v. Mahaffy, 2 O. S. 498; P., F. W. & C. R. Co. v. Hurd, 17 O. S. 144.

An examination of these decisions, however, shows that they were made upon the ground that "to allow an injunction in a case pending in another court, is an exercise of original and not of appellate jurisdiction," and that the original jurisdiction conferred upon that court by the constitution is limited to *quo warranto, mandamus, habeas corpus* and *procedendo.* The circuit court has like original jurisdiction with the supreme court. The original jurisdiction of the probate court is not thus limited. The constitution, after specifying various matters in which the probate court shall have jurisdiction, provides that it shall have "such other jurisdiction in any county or counties as may be provided by law."

It has been held by the supreme court that under this provision the legislature could confer upon the probate court original jurisdiction which it could not confer upon either the supreme court or the circuit court.

Giesy v. R. R. Co., 4 O. S. 308; Dailey v. State, 4 O. S. 57.

And we are of opinion that the provision of the statute now under consideration is a valid and constitutional enactment.

Motion overruled.